

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

March 14, 1949

Hon. D. D. Williams
County Attorney
Throckmorton County
Throckmorton, Texas

Opinion No. V-785

Re: The legality of employ-
ing the wife of a county
commissioner as the coun-
ty home demonstration
agent.

Dear Sir:

You request an opinion from the Attorney Gen-
eral upon the above subject matter.

Your fact situation, briefly stated is that
the present County Home Demonstration Agent for Throck-
morton County has held that position since 1947. At
the January term, 1949, the Commissioners' Court made
the following order:

"It is ordered by the Commissioners'
Court of Throckmorton County that the sum
of Eleven Hundred and Forty Dollars ($1,1-
40.00) be appropriated and the same is
hereby appropriated out of the funds of
the county to be used as a part of salary
of a Home Demonstration Agent, to be as-
signed to work in this county by the ex-
tension service of the Agricultural and
Mechanical College of Texas. . . ."

The lady holding this position is now engaged
to marry one of the County Commissioners. Upon this
fact basis you submit the following questions:

"1. Will the marriage of the Home
Demonstration Agent and the County Commis-
sioner of Throckmorton County cause her to
become ineligible to hold her position im-
mediately upon marriage under the 'Nepo-
tism' Statute, Art. 432 of the Penal Code
of Texas?

"2. If such marriage does not cause
her to become ineligible during the year,
1949, will it render her ineligible for sub-
sequent years while her future husband is

County Commissioner of Throckmorton County, Texas."

Article 432 of the Penal Code of Texas - the Nepotism Statute - is in part as follows:

"No officer of this State or any officer of any. . . county, . . judge of any court, . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, . . or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

Article 435 of the Code declares:

"No officer or other person included within the third preceding article (432) shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible."

We shall first notice a question of kinship under the Nepotism Statute not hitherto decided by any court in this State so far as we are advised, that is, whether the husband and wife are related in the prohibited degree of the Statute.

We assume, of course, that the Commissioner and the Agent are not related by consanguinity (blood). It remains only to consider whether they are related by affinity (marriage).

Under the rule in this State a wife's blood relatives are the husband's affinity relatives. Upon the marriage of your County Commissioner and the Demonstration Agent, the blood relatives of the Agent will become the affinity relatives of the Commissioner. That

is to say, her father, mother, brother, sister, son, and daughter would be related to him by affinity within the first degree, and her grandfather, grandmother, uncle, aunt, first cousin, nephew, niece, grandson, and granddaughter would be related to the Commissioner by affinity within the second degree.

Under the letter of the rule obtaining in this State as to kinship by affinity, it is obvious that a man's wife would not be related to him at all for it is only "her kin by consanguinity or blood" that becomes her husband's kin by affinity. However, when the statute of Nepotism is construed according to its purpose and intention, it is obvious it should be construed to apply to the relation of husband and wife, for such relation is closer than the forbidden relations of her blood kin above enumerated. The evil sought to be remedied would be infinitely more obvious if an officer were to appoint his wife than if he were to appoint her brother, sister, father, uncle, niece or cousin. We need not to determine whether the Penal Statute (Art. 437, P.C.) would be applied for a violation of the statute, because Article 432 in affirmative terms forbids such employment, which is therefore unlawful, whether the same be punishable criminally or not.

It has been held in former opinions that, under the Nepotism statutes, a husband could not so appoint his wife. Opinion V-359; Opinion O-31.

We now consider whether or not a demonstration agent holds a "position" with the county forbidden by the Nepotism Statute.

Article 164 of the Revised Civil Statutes is the authority for our cooperative demonstration work in agriculture and home economics. It reads:

"The Commissioner's Court of any county of this State is authorized to establish and conduct co-operative demonstration work in agriculture and home economics in co-operation with the Agricultural and Mechanical College of Texas, upon such terms and conditions as may be agreed upon by the Commissioners' Court and the agents of the Agricultural and Mechanical College of Texas; and may employ such means, and may appropriate and expend such sums of money as may be necessary to

effectively establish and carry on such dem-
onstration work in agriculture and home eco-
nomics in their respective counties."

While the demonstration work is a cooperative
plan by which the respective counties of the State may
utilize its benefits, nevertheless, it is perfectly ob-
vious that the county availing itself of such plan ne-
cessarily makes such accepted demonstrator its own agent
and employee. The language "may employ such means, and
may appropriate and expend such sums of money as may be
necessary to effectively establish and carry on such
demonstration work in agriculture and home economics in
their respective counties," is the ambit of their power.
It can make no difference that the A & M supplies the
demonstrators for such county service. By this legisla-
tive plan the State encourages the training of demonstra-
tion agents by our own Agricultural and Mechanical Col-
lege and assures competent agents throughout the State.
No reason is discernible why the employment of the demon-
stration agent does not come within the employment prac-
tice condemned by the statute.

Opinion No. 0-4372 by a former Attorney General,
cited by you in your brief, does not involve any question
of nepotism. It merely affirms the authority of the Com-
missioners' Court of a county to make continuous annual
appropriations for compensating the agent. Nor is the re-
lation of the county to the demonstration agent analogous
to the relation between the county and an elective offi-
cer of the county or a precinct, as you suggest, for in
the case of an elective officer the county has no control-
ling discretion whatever as to the selecting or the com-
pensation of such officer, whereas, in the present case it
has.

This brings us to the question of whether or not
your situation is controlled by the fact that the demon-
stration agent was the employee of the county prior to her
marriage to the county commissioner. The case of Fairless
v. The Cameron County Water Improvement District No. 1, 25
S. W. (2d) 651 is informative. It is there said:

"Blakeley, a member of the Board of
Directors of the Water Improvement District,
was the husband of a sister of appellant
when he was employed in 1928, and had been
a director of such district during four
years before that time. The employment of

appellant was a plain violation of the Nepotism Law, and he has no cause to complain because of his discharge by the board of directors, who, upon learning that they were acting contrary to law, promptly discharged him and relieved themselves of any charge of wilful disobedience to the law. They could, and perhaps should, have refused to pay him anything for the month of February in the first part of which he was discharged."

This office in Opinion No. 0-1408 cited and quoted the Fairless-Cameron case in support of its holding that where an employee upon a monthly basis became ineligible for the appointment under Article 432, employment after the first of the succeeding month would have been in direct violation of the Penal Code. The opinion cites an earlier opinion, No. 0-361, where the employment was made at a time when the relationship did not exist; therefore the employment at the time was legal, and the contract for its term (school district superintendent) was not made void.

It was held during the present administration that the election of a trustee to a board of school trustees, who is related to a teacher of such school holding a valid existing contract with the board, does not make void such contract under Article 432 of the Penal Code. (Opinion No. V-184)

Upon these considerations, you are advised that the contract by which the County employed the Demonstration Agent is not made void by her supervening marriage to one of the commissioners; but upon the termination of the period for which she was employed she would be ineligible for re-employment if her husband is one of the commissioners.

We have answered your questions in this manner because we are unable to determine from your statement whether the agent's employment was for a year or merely by the month, terminable at the end of any month by either party. The appropriation by the court of a sum sufficient to compensate the agent for a year does not necessarily show that there was an employment for any definite time.

## SUMMARY

The employment by a county of a County Demonstration Agent in cooperation with the A & M College comes within the provision of Article 432, Penal Code, forbidding nepotism. For such employee to marry a member of the Commissioners' Court would not operate to make void the existing contract between the Agent and the county, but it would remain valid to the end of the term of employment. Fairless v. Cameron County Improvement District, 25 S. W. (2d) 651; Attorney General's Opinion No. V-184.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ocie Speer
Assistant

OS:wb

APPROVED:

ATTORNEY GENERAL